IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                             Case Nos.: 5:15cr30/RH/HTC
                                                           5:17cv274/RH/HTC

EDEGARDO RODRIGUEZ
    Reg. No. 23571-017

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Edegardo Osorno Rodriguez's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF Doc. 347.  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  See N.D. Fla. Loc. R. 72.2; *see also* 28 U.S. C. § 636(b) and Fed. R. Civ. P. 72(b).  After consideration of the motion, the record, the relevant law, and the Government's response (ECF Doc. 360),[1] the undersigned recommends the motion be DENIED.  Notably, the motion is subject to dismissal for failure to prosecute and is also without merit.

---

[1] Rodriguez did not file a reply to the Government's response.

Case Nos.: 5:15cr30/RH/HTC; 5:17cv274/RH/HTC

I.      BACKGROUND AND ANALYSIS

Rodriguez pleaded guilty to conspiracy, four (4) counts of transportation of an individual in interstate commerce to engage in prostitution, and eight (8) counts of inducing or persuading an individual to travel in interstate commerce to engage in prostitution.  ECF Docs. 161, 163.  The Court sentenced him above the applicable guidelines range to concurrent terms of 60 months' imprisonment on each count.  Rodriguez appealed his sentences, challenging them as both procedurally and substantively unreasonable, and the Eleventh Circuit affirmed.  ECF Doc. 339.  He timely filed the instant § 2255 motion.

Since filing his motion, Rodriguez has been released from the custodial portion of his sentence.[2]  On March 23, 2020, the undersigned issued a Show Cause Order directing Rodriguez to (1) advise the Court whether he intends to prosecute this action; (2) address whether the motion is moot; and (3) advise the Court of his new address.  ECF Doc. 362.  This order was returned to the court as undeliverable.  ECF Doc. 363.  The time for responding to the show cause order has passed and Rodriguez has not filed a response or otherwise filed anything in this matter since February 2018.

---

[2] According to the BOP website, Rodriguez was released on January 31, 2020.  See https://www.bop.gov/inmateloc/.  He has not filed a notice of change of address with the Court.

Case Nos.: 5:15cr30/RH/HTC; 5:17cv274/RH/HTC

Rodriguez's failure to prosecute and to keep the Court apprised of his current address, alone, warrants dismissal of his motion without prejudice. Additionally, as was set forth in the Court's show cause order, the motion is also substantively without merit.

Rodriguez raises three (3) grounds for relief in his § 2255 motion. First, he contends his due process rights were violated when police arrested him and searched his home without a warrant. Contrary to his assertion, the record reflects that law enforcement secured both an arrest and a search warrant. *See* ECF Docs. 14, 23, 32; ECF Doc. 252, PSR ¶ 62a.

Rodriguez also contends the prostitutes in question, described by the PSR as illegal aliens who were forced to serve as many as four clients per hour, were not "victims" and the court should not have considered them as such in fashioning an appropriate sentence. The propriety of his sentence, as noted above, was reviewed on direct appeal and may not be relitigated herein. *See Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012).

Finally, Rodriguez claims he was improperly assigned a managerial role, because the prostitutes ran "every aspect of their activities." Rodriguez's challenge to the guidelines is not cognizable on collateral review because the alleged error did

not result in a "complete miscarriage of justice."  *See Spencer v. United States*, 773 F. 3d 1132 (11th Cir. 2014).   Even if this claim were cognizable, the facts outlined in the PSR and in the Statement of Facts do not support his assertion that the adjustment was inappropriate.   ECF Docs. 162, 252.

Accordingly, the undersigned recommends Rodriguez's motion be denied without an evidentiary hearing.   Such a hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).

## II.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, the

undersigned also recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus (ECF Doc. 347) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 24th day of April, 2020.

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 5:15cr30/RH/HTC; 5:17cv274/RH/HTC